UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

STAMP FARMS, L.L.C., *et al.*,[1]

               Debtor.

_____/

Case No. DK 12-10410
Hon. Scott W. Dales
Chapter 7

KELLY M. HAGAN, Trustee,

           Plaintiff,

v.

KOVIACK IRRIGATION AND FARM
SERVICES, INC.,

           Defendant.

_____/

Adversary Proceeding
No. 14-80083

### MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

Chapter 7 trustee Kelly M. Hagan (the "Plaintiff") filed a complaint against defendant Koviack Irrigation and Farm Services, Inc. (the "Defendant") to avoid two payments in the aggregate amount of $101,662.26 (the "Transfers") as preferences under 11 U.S.C. § 547(b)[2] made by Stamp Farms, L.L.C. (the "Debtor") to the Defendant within the 90 day period leading up to the petition date.

The Defendant filed an answer, and the court issued a Pretrial Order dated June 18, 2014, prescribing deadlines for discovery and dispositive motions, including motions for summary

---

[1] The Debtors are:  Stamp Farms, L.L.C. (Case No. 12-10410); Stamp Farms Trucking, L.L.C. (Case No, 12-10411); Stamp Farms Custom AG, L.L.C. (Case No. 12-10416); and Royal Star Farms, L.L.C. (Case No. 12-10417).
[2] Statutory citations in this opinion, unless otherwise indicated, refer to title 11, United States Code.

judgment under Fed. R. Civ. P. 56.  The Plaintiff filed her motion for summary judgment on September 25, 2014 (the "Motion," DN 14) and the Defendant timely filed a two page brief in opposition (the "Response," DN 16).  In its Pretrial Order, the court advised the parties that it might consider dispositive motions on the papers submitted, and that they should draft their papers with this limitation in mind.

This preference proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F), and the Debtor's case and all proceedings have been referred to this court pursuant to 28 U.S.C. § 157(a) and LCivR 83.2(a) (W.D. Mich.).  The Defendant has not mounted a challenge to the court's authority to enter final judgment and the court declines to invent or assert one *sua sponte*.  Indeed, the Defendant is a creditor of the estate (holding Claim No. 69), and the court cannot complete the claims allowance process without first resolving this preference controversy.  11 U.S.C. § 502(d).  The court finds that it has the authority to enter final judgment, notwithstanding recent opinions discussing the constitutional limits on the bankruptcy court's authority.  *See, e.g., Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594 (2011).

Relying principally on admissions in the Defendant's answer to the complaint (DN 4), and in the Defendant's response to the Plaintiff's request for admissions under Fed. R. Civ. P. 36 (DN 14-3), Plaintiff contends that she has established the elements of her case to avoid and recover the Transfers.  In its Response, the Defendant, through counsel, concedes that the Plaintiff has established her *prima facie* case for avoidance.  *See* Response at p. 1.  The material portion of Defendant's Response to the Motion, omitting only the introductory paragraph and the prayer for relief, provides as follows:

> Defendant acknowledges that the elements of a preferential transfer set forth in 11 U.S.C. § 547(b) are admitted.  However, the Defendant has raised the defense of ordinary course of business (11 U.S.C. § 547(c)(2)) which requires a trial to enable the Court

> to resolve the factual issues presented by that defense. It is premature for the court to enter a money judgment against the Defendant before the Court has heard the Defendant's testimony in support of its affirmative defense. Trial is necessary to provide the Defendant with due process and to allow the Court the opportunity to consider Defendant's testimony in support of its defense and rule on all the issues in this case.

*See* Response at p. 1-2.

Because the Response consists entirely of counsel's argument, without any affidavit or documentary evidence as Rule 56(c) requires, the court gave the Defendant an opportunity to supplement. *See* Order dated Oct. 14, 2014 (DN 17); *see also* Fed. R. Civ. P. 56(e)(1). In Defendant's Additional Response to Plaintiff's Motion for Summary Judgment (DN 19), the Defendant reiterates its assertion that it intends to mount an ordinary course of business defense under § 547(c)(2), but as with the initial Response, the Defendant offers no evidence, only argument. Although the Defendant twice states that the court needs to hear testimony, the Response fails to support the argument with an affidavit setting forth the sum and substance of that testimony. From the Defendant's answer and its Rule 36 admissions, the court is already aware that the Defendant asserts the ordinary course of business defense (which counsel properly characterizes as an affirmative defense to the admitted avoidance). Significantly, the Defendant has the burden of proof on its affirmative defense, yet it offers not a stitch of evidence, testimonial or documentary, in response to the Motion, contrary to Fed. R. Civ. P. 56(c), and despite the court's invitation expressed in the Order dated Oct. 14, 2014. Rather, the Defendant is simply resting on its pleadings *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (after moving party has met its summary judgment burden, "the nonmoving party cannot rest on his pleadings but must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial").

Nor, for that matter, has the Defendant offered an explanation, let alone an affidavit or declaration, explaining why it is unable to mount a defense to the Motion. *See* Fed. R. Civ. P. 56(d); *Burdett-Foster v. Blue Cross Blue Shield of Michigan*, 574 Fed. Appx. 672, 684 (6th Cir. 2014) (declining to consider argument under Rule 56(d) because litigant did not "trigger" the rule's protections by filing an affidavit). Under the rule and Sixth Circuit authority, the Response fails to raise a genuine issue for trial.

Under the circumstances, the Plaintiff has established her case for avoidance and recovery of the Transfers under §§ 547(b) and 550, and the Defendant has not offered any evidence in support of its defense as required by Rule 56(c). The court, therefore, will grant the Motion and direct the Clerk to enter judgment for the Plaintiff.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 14) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment (1) avoiding the Transfers, and (2) directing the Defendant to pay $101,662.26, plus costs of this proceeding.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Kevin M. Smith, Esq., Paul F. Davidoff, Esq., and the United States Trustee.

**IT IS SO ORDERED.**

**Dated October 24, 2014**



Scott W. Dales
United States Bankruptcy Judge